UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT AMERICAN INSURANCE
COMPANY,

                Plaintiff,

v.

E.I. BAILEY & COMPANY, INC.
and EDWARD L. BAILEY,

                Defendants.

_____/

Case No. 12-13033

Arthur J. Tarnow
United States District Judge

Stephanie Dawkins Davis
United States Magistrate Judge

**REPORT AND RECOMMENDATION RE:**
**MOTION TO VACATE DEFAULT JUDGMENTS**
**AGAINST GARNISHEE-DEFENDANTS (DKT. 116)**

On August 24, 2015, plaintiff obtained a judgment against defendants in the amount of $645,287.55, which was reduced by a $358,000 payment by the State of Michigan, leaving a judgment amount due of approximately $287,000. (Dkt. 36). Defendants have not paid any of the judgment amount due. In September 2015, plaintiff requested and the clerk of the court issued both periodic and non-periodic writs of garnishment against Bailey Development Group, LLC ("BDG"), Blanket Energy Systems, LLC ("Blanket"), and E.M.B. Investment Group, LLC ("EMBIG") to collect indebtedness owed or property belonging to defendants. (Dkt. 51-64). Garnishee-defendants filed their required disclosures under the periodic garnishments, but not the non-periodic garnishments. (Dkt. 71, 72, 74).

1

Plaintiff requested and the clerk of the court entered defaults against the garnishee-defendants as a result of their failure to file disclosures for the non-periodic garnishments. (Dkt. 103, 104, 105). Plaintiff requested entry of default judgments against each garnishee-defendant in the sum certain amount of $290,264.69. (Dkt. 106, 107, 108). On February 17, 2016, the clerk of the court entered the requested default judgments against garnishee-defendants. (Dkt. 109, 110, 111).

Garnishee-defendants filed the instant motion to vacate those default judgments on March 16, 2016. (Dkt. 116). Plaintiff filed a response brief in opposition to garnishee-defendants' motion and garnishee-defendants filed a reply brief in further support of their motion. (Dkt. 120, 123). The parties submitted a Joint Statement of Resolved and Unresolved Issues indicating that they had not resolved any of the issues raised by garnishee-defendants' motion. (Dkt. 124). Oral argument on the motion was heard on this motion on June 21, 2016. (Dkt. 122). For the reasons set forth below, the undersigned recommends that garnishee-defendants' motion to vacate default judgments (Dkt. 116) be **GRANTED**, and that those default judgments (Dkt. 109, 110, 111) be **VACATED**.

## II.    PARTIES' ARGUMENTS

Garnishee-defendants maintain that the default judgments entered against

each of them in the amount of $290,264.69 should be vacated.  Garnishee-defendants argue that the judgments are void under Federal Rule of Civil Procedure 60(b)(4) because the writs of garnishment were not properly served upon them.  (Dkt. 124). They argue that plaintiff has the burden of proof that the writs were properly served upon garnishee-defendants and plaintiff cannot meet that burden. (*Id*.).  Moreover, garnishee-defendants contend that, at the very least there is a factual dispute as to whether they were properly served and disputed or ambiguous facts must be construed in the light most favorable to the garnishee-defendants. (*Id.*)

Garnishee-defendants further argue that the default judgments should be set aside because they actually provided the requisite disclosure in their post-garnishment interrogatory responses.  (*Id.*).  Moreover, to the extent their failure to file the formal disclosure for the non-periodic garnishment was not remedied by their responses to plaintiff's interrogatories, that omission amounts to mistake, inadvertence, surprise or excusable neglect under Rule 60(b). (*Id.*).

Garnishee-defendants also assert that they have a meritorious defense to the garnishment such that there is a possibility that the outcome of the suit after a full trial would be contrary to the result achieved by the default. (Dkt. 116). Specifically, garnishee-defendants contend that, under Michigan law, garnishees are only liable to plaintiff for the amount they owe to defendants, and not for the

full amount of the judgment, to the extent that the judgment exceeds the amount garnishee holds for or owes to defendants. (*Id.*) Garnishee-defendants EMBIG and BDG assert that they do not owe any money or hold any property belonging to defendants. Blanket contends that, at most, it owes defendants (and thus plaintiff) only $15,000. (*Id.*). Finally, garnishee-defendants argue that plaintiff will not be prejudiced by the vacating of the default judgments against them.

Plaintiff argues that the default judgments against garnishee-defendants should stand because garnishee-defendants have not demonstrated "good cause" and a "meritorious defense" as required by Rule 60(b). (Dkt. 124). Plaintiff argues that to have the judgments set aside the garnishee-defendants first must show good cause, i.e., mistake, inadvertence, surprise or excusable neglect. According to plaintiff, only after they meet that standard are they permitted to demonstrate the other two factors: a meritorious defense and the absence of substantial prejudice to plaintiff. (*Id.*). Plaintiff argues that garnishee-defendants have failed to satisfy any of these three factors and thus the default judgments should not be set aside.

Plaintiff argues that their failure to file the disclosures under the non-periodic garnishments is not excusable because they were served twice with both the periodic and non-periodic writs of garnishment and blank disclosure forms for each garnishment type, but only filed disclosures for the periodic garnishments. Additionally, they argue that garnishee-defendants have not advanced any

meritorious defense to collection of funds they owe to defendants.  (*Id.*).

Plaintiff argues its default judgments against garnishee-defendants should stand because garnishee-defendants provided false information in their post-garnishment interrogatory responses. (Dkt. 120).  Plaintiff argues that Blanket's failure to properly withhold and disburse money owed to defendant under the periodic writ of garnishment despite the duly filed Notice of Failure also precludes the setting aside of the default judgments. (*Id.*).  Plaintiff contends that other culpable conduct, namely refusing to appear at a creditors' examination without a court order and emptying a safe deposit box frozen in relation to another writ of garnishment issued to Bank of America should preclude the setting aside of the default judgments. (*Id.*).

Finally, plaintiff argues that setting aside the default judgments would substantially prejudice plaintiff because circumstances have changed since the entry of the default judgment in a way that would hinder plaintiff's ability to litigate its claim.  (*Id.*)

## III.    ANALYSIS & RECOMMENDATIONS

### A.    Garnishment Proceedings

Federal Rule of Civil Procedure 64 applies state law remedies for the seizure of property to satisfy a judgment.  Under Michigan law, the conditions under which a court may garnish personal property are set forth by statute.

5

*Macatawa Bank v. Wipperfurth*, 294 Mich.App 617, 619; 822 N.W.2d 237 (2011). Specifically, MCL 600.4011 provides, in pertinent part, that the court has power by garnishment to apply the following property or obligation, or both, to the satisfaction of a claim evidenced by contract, judgment of this state, or foreign judgment, whether or not the state has jurisdiction over the person against whom the claim is asserted: (a) personal property belonging to the person against whom the claim is asserted but which is in the possession or control of a third person if the third person is subject to the judicial jurisdiction of the state and the personal property to be applied is within the boundaries of this state; and/or (b) an obligation owed to the person against whom the claim is asserted if the obligor is subject to the judicial jurisdiction of the state.

"The court may exercise its garnishment power only in accordance with the Michigan Court Rules." *Nationsbanc Mtg. Corp. of Georgia v. Luptak*, 243 Mich.App. 560, 564; 625 N.W.2d 385 (2000); *Fifth Third Bank v. Triangle Associates, Inc.*, 2015 WL 6599749, at *5–7 (Mich. Ct. App. Oct. 29, 2015). MCR 3.101 governs postjudgment garnishment proceedings, which are at issue in this case. Garnishments generally involve three parties: (1) the "plaintiff," which is the judgment creditor; (2) the "defendant," which is the judgment debtor; and (3) the "garnishee" which is the garnishee defendant. MCR 3.101(A)(1)-(3).5

A request for a writ of garnishment shall be submitted to the clerk of the

6

court that entered the judgment.  MCR 3.101(D).  The request must include a

verified statement, which states, in part, that a judgment has been entered against

the defendant and remains unsatisfied, and gives the total amount of the

unsatisfied judgment.  MCR 3.101(D)(1), (2).  Upon the issuance of a writ of

garnishment, the writ must be served upon the garnishee.  MCR 3.101(E)(2),

(F)(1).  The writ must include the verified statement, MCR 3.101(E)(1), and the

verified statement acts as the plaintiff's complaint against the garnishee, MCR

3.101(M)(2).  Within 14 days of being served with the writ of garnishment, the

garnishee shall mail or deliver to the trial court, the plaintiff, and the defendant a

verified disclosure.  MCR 3.101(H).  The verified disclosure serves as the

garnishee's answer.  MCR 3.101(M)(2).

    In the verified disclosure, the garnishee must indicate whether it is indebted

to the defendant.  MCR 3.101(H)(1).  If the garnishee is indebted to the defendant,

then "the garnishee shall file a disclosure revealing the garnishee's liability to the

defendant as specified in subrule (G)(1)...." MCR 3.101(H)(1)(a).  If the garnishee

is not indebted to the defendant, the garnishee must indicate as much in the

verified disclosure. MCR 3.101(H)(1)(b).  As indicated, MCR 3.101(G)(1)

specifies a garnishee's liability to the defendant by listing the property belonging

to a defendant for which the garnishee can be liable.  *See also Nationsbanc Mtg.*

*Corp.*, 243 Mich.App at 564 ("[S]ubrule 3.101(G)(1) delineates the various

categories of items for which a garnishee is liable."). "The garnishee is liable for no more than the amount of the unpaid judgment, interest, and costs as stated in the verified statement requesting the writ of garnishment." MCR 3.101(G)(2). "If there is a dispute regarding the garnishee's liability or if another person claims an interest in the garnishee's property or obligation, the issue shall be tried in the same manner as other civil actions." MCR 3.101(M)(1). "Judgment may be entered against the garnishee for the payment of money or the delivery of specific property as the facts warrant." MCR 3.101(O)(1). "A money judgment against the garnishee may not be entered in an amount greater than the amount of the unpaid judgment, interest, and costs as stated in the verified statement requesting the writ of garnishment." *Id*. The judgment against the garnishee discharges the garnishee from all demands by the defendant for the money paid or property delivered in satisfaction of the judgment. MCR 3.101(O)(2). "Satisfaction of all or part of the judgment against the garnishee constitutes satisfaction of a judgment to the same extent against the defendant." MCR 3.101(O)(7).

"If the garnishee fails to disclose or do a required act within the time limit imposed, a default may be taken as in other civil actions." MCR 3.101(S)(1). "A default judgment against a garnishee may not exceed the amount of the garnishee's liability as provided in [MCR 3.101(G)(2)."] *Id*. This default process is the process that occurred between plaintiff and garnishee-defendants.

8

## B.    Relief from Default Judgments

Federal Rule of Civil Procedure 55(c) provides that judgment by default may be set aside in accordance with Rule 60(b).  Rule 60(b) allows the court to relieve a party form a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence...(3) fraud..., misrepresentation, or other misconduct of an adverse party; (4) judgment is void; (5) the judgment has been satisfied, released, or discharged...; or (6) any other reason justifying relief from the operation of judgment.

Fed.R.Civ.P. 60(b).

### 1.    Judgment is Void

Garnishee-defendants first argue that the default judgments must be set aside because they were never properly served with the non-periodic writs of garnishment and thus the default judgments issued for failure to file disclosures under those writs are void.  Indeed, if service was improper, default judgment is void and must be vacated pursuant to Rule 60(b)(4).  *See Perfect Score v. Miller*, 2011 WL 4540742, at *3 (N.D.Ohio, Sept. 29, 2011)(citing *Jalapeno Property Mngmt., LLC v. Dukas*, 265 F.3d 506 (6th Cir. 2001)).

The parties dispute whether garnishee-defendants were personally served (by process server) and served via certified mail, return-receipt requested, with both the periodic and non-periodic garnishments.  Garnishee-defendants maintain that they were never personally served with any writs of garnishment, and that

9

BDG was served with only a non-periodic writ of garnishment, and EMBIG and Blanket were served with only a periodic writ of garnishment by way of certified mail on September 28, 2015. (Dkt. 116-2, 116-3).  On the other hand, plaintiff insists that all garnishee-defendants were served with <u>both</u> types of writ of garnishment by certified mail, return-receipt requested and by process server. (Dkt. 120, 120-4, 120-5, 120-6, 120-8).

Proper service on limited liability companies may be achieved by sending the writ, blank disclosure form and fee via certified mail, return-receipt requested, to a member, officer, director, trustee, agent, or other person in charge, and sending a copy by registered mail, addressed to an office of the association.  *See W. Am. Properties, Inc. v. Excel Escrow Servs., LLC*, 2011 WL 116904, at *1 (E.D. Mich. Jan. 13, 2011); Fed.R.Civ.P. 4(e)(1); MCR 2.105(A); MCR 2.105(E). Plaintiff has attached certified mail receipts, signed delivery receipts, post office receipts reflecting weights of certified packages and an explanatory affidavit from its representative's legal assistant attesting to the difference in package weight between a single garnishment and two garnishments, and confirming that he sent both types of garnishments to garnishee-defendants by certified mail.  (Dkt. 120-4, 120-5, 120-6, 120-8).  Although these exhibits, when reviewed in combination, are compelling evidence that both periodic and non-periodic garnishments were sent to garnishee-defendants via certified mail, return-receipt requested, such as to

effectuate proper service, the strong policy favoring decisions on the merits requires courts faced with motions to set aside default judgments to construe disputed or ambiguous facts in the light most favorable to the defendant. *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). Additionally, although a signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence, a party's sworn affidavit denying receipt of service rebuts the presumption of proper service and necessitates an evidentiary hearing. *Perfect Score Co.,* 2011 WL 4540742, at *3 (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir.1993) and *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57–58 (2d Cir.2002)). Nevertheless, resolving this factual dispute is not necessary because, as discussed below, garnishee-defendants have raised other valid grounds to vacate the default judgments.

2.    Mistake, Inadvertence, Surprise or Excusable Neglect

Default judgments are also to be set aside if they were entered due to the party seeking relief's mistake, inadvertence, surprise or excusable neglect. Fed.R.Civ.P. 60(b)(1). Courts are to apply Rule 60(b) "equitably and liberally...to achieve substantial justice." *United Coin Meter Co. v. Seaboard Coastal Line R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983). The well-established factors set forth in *United Coin Meter Co.* assess whether (1) the default was the result of

11

defendant's culpable conduct, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2011)(citing *United Coin Meter Co.*, 705 F.2d at 844).

a.     *Culpable Conduct*

"To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id.* at 841(quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)).  In this instance, the garnishee-defendants' failure to file disclosures under the non-periodic garnishments falls far short of an intent to thwart judicial proceedings or a reckless disregard of those proceedings and fits squarely into the categories of excusable neglect or inadvertence. *See id.* at 841-44.

First, garnishee-defendants filed disclosures under the periodic garnishments served at the same time as the non-periodic garnishments.  (Dkt. 71, 72, 74).  Garnishee-defendant BDG provided a disclosure for the non-periodic garnishment, but mistakenly executed it as a disclosure for a periodic garnishment, further suggesting that the receipt of two separate garnishments by each of the three related garnishee-defendants generated some confusion and resulted in an inadvertent omission.  (Dkt. 116).  Moreover, garnishee-defendants' responses to plaintiff's post-garnishment (periodic) interrogatories (supplied well in advance of

12

plaintiff's requests for entry of default and default judgment) provided the
information that would have been supplied by the omitted form disclosures.
Finally, contrary to plaintiff's assertion that waiting a month to file a motion to set
aside the default judgments demonstrated recklessness on the part of garnishee-
defendants, the Sixth Circuit has found that seeking a set-aside within nearly eight
weeks of the entry of default judgment was both reasonable and an indication that
defendant's conduct was not the result of intentional or reckless disregard of court
proceedings.  *See Dassault Systemes, SA*, 663 F.3d at 841.

b.   *Meritorious Defense*

A defense is "meritorious" if it is "good at law." *Id.* at 843(citing *Williams v.
Meyer*, 346 F.3d 607, 614 (6th Cir.2003)).  The test is not whether a defense is
likely to succeed on the merits; rather, the criterion is merely whether "there is
some possibility that the outcome of the suit after a full trial will be contrary to the
result achieved by the default." *Id.*(quoting *Burrell v. Henderson*, 434 F.3d 826,
834 (6th Cir.2006)).

Here, garnishee-defendants argue that it indeed has a meritorious defense to
the garnishment actions because, under Michigan law, garnishee-defendants are not
liable to plaintiffs for amounts greater than the debts they owe to the judgment
debtor.  *Fifth Third Bank*, 2015 WL 6599749 at *15-16.

As in this case, the garnishee-defendant in *Fifth Third* failed to timely file its

13

disclosure to plaintiff's garnishment of defendant's property and/or assets.  *Id*. at

*1.  After reviewing pertinent statutes, case law, and court rules, the Michigan

Court of Appeals concluded that a judgment on a writ of garnishment generally

only makes a garnishee liable for the property of the defendant that the garnishee

possesses.  *Id.* at *15; *see* MCL 600.4011(1)(a) (stating that a trial court may apply

personal property belonging to the defendant but which is in the possession or

control of the third party or an obligation owed the defendant to satisfy a judgment

against the defendant); MCR 3.101(G)(1) (providing that a garnishee is liable for

property belonging to the defendant that is in the garnishee's possession or control

or debts the garnishee owes the defendant); *Smit v. State Farm Mut. Auto. Ins. Co.*,

207 Mich.App. 674, 683 (1994) (explaining that a plaintiff in a garnishment action

is entitled to recover against the garnishee "only to the extent that the principal

defendant ... could recover against [the garnishee-defendant]").

There are exceptions to this general rule in cases involving fraud or

wrongdoing on the part of the garnishee.  One such instance involves a situation

where a garnishee refuses to expose property so that execution can be levied on the

property.  See MCR 3.101(O)(5).  In such a case, "the court may order that an

execution be issued against the garnishee in an amount not to exceed twice the

value of the specifically chargeable property."  MCR 3.101(O)(5).  Additionally, a

garnishee faces personal liability "to pay out of his own goods and estate the full

14

amount due" on a judgment obtained by the plaintiff when the garnishee

"knowingly and willfully" makes false statements on the verified disclosure. MCL

600.4051. Nevertheless, absent one of these exceptions, a default judgment against

a garnishee only serves as an admission of the garnishee's liability for the amount

of judgment debtor's assets or obligations owed to the judgment debtor, if any.

*Fifth Third Bank*, 2015 WL 6599749, at *15-19.

According to garnishee-defendants' disclosures and interrogatory responses,

only Blanket owes any amount to defendants, and that amount is far less than the

default judgment amount.[1] Hence, under *Fifth Third*, the default judgment amounts

against the garnishee-defendants are not supported by law. Because there is some

possibility that the outcome of the suit after a full trial will be contrary to the result

achieved by the default, garnishee-defendants have adequately alleged a

meritorious defense. *Dassault Systemes, SA*, 663 F.3d at 843(quoting *Burrell*, 434

F.3d at 834).

### c.   *Substantial Prejudice*

"[D]elay alone is not a sufficient basis for establishing prejudice." *INVST*

*Fin. Group*, 815 F.2d at 398 (internal quotation marks omitted). Nor does

increased litigation costs generally support entry of default. *Dassault Systemes,*

---

[1]Controversy exists over the amount owed to defendants by Blanket, but the amount seems to be between $15,000 and $24,000. (Dkt. 116, 120).

*SA,* 663 F.3d at 842.  Instead, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *INVST Fin. Group*, 815 F.2d at 398 (internal quotation marks omitted).  Additionally, the relevant inquiry concerns the future prejudice that will result from reopening the judgment, not prejudice that has already resulted from the defendant's conduct. *Berthelsen v. Kane*, 907 F.2d 617, 620–21(6th Cir. 1990).

Plaintiff's complaints of perceived prejudice do not satisfy the criteria for prejudice set forth in the case law.  Of primary concern to plaintiff are defendants' threats of bankruptcy.  Even if those concerns were founded, they are immaterial to the default judgments against the *garnishee-defendants* that are the subject of this motion.  There has been no suggestion that garnishee-defendants intend to file for bankruptcy protection.

Where defendants articulate the existence of a meritorious defense and demonstrate the absence of substantial prejudice to plaintiffs, it would require particularly culpable conduct by the defendants to outweigh those two factors and tip the balance toward denial of relief.  *Dassault Systemes, SA*, 663 F.3d at 844 (citing *Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 293 (6th Cir. 1992)).  As discussed above, plaintiff has not demonstrated the type of intentional or reckless conduct on the part of garnishee-defendants that would justify denying

16

relief from the default judgments. Much of the alleged culpable conduct is that of the principal defendants (refusing to appear for the creditor examination and emptying contents of the safe deposit box subject to the garnishment). The remainder of plaintiff's accusations regarding culpable conduct do not relate to actions or omissions that led to the entry of the defaults and default judgments. Rather, they are allegations that garnishee-defendants provided false or conflicting information in their periodic garnishment disclosures. Although it is true that knowingly and willfully providing false answers in their disclosures/interrogatory responses would subject garnishee-defendants to personal liability for the entirety of the judgment, *see* M.C.L. 600.4051, this is an issue for the parties to litigate and the Court to decide on its merits. *See* M.C.R. 3.101(M)(disputes regarding garnishee liability issues are tried as any other civil liability). The same is true regarding plaintiff's allegations that garnishee-defendant Blanket has failed to withhold and disburse defendants' funds to plaintiff under the periodic garnishment, even after its duly-issued notice of failure, *see* M.C.L. 600.4012. This alleged misconduct is not related to the default, but rather provides other grounds on which plaintiff may pursue a judgment on the merits of the periodic garnishment against Blanket.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that

garnishee-defendants' motion to vacate default judgments (Dkt. 116) be

**GRANTED,** and that the default judgments (Dkt. 109, 110, 111) be **VACATED** .

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of appeal.

*Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human*

*Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but

fail to raise others with specificity will not preserve all the objections a party might

have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human*

*Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*

*231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any

objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.

Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

18

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: November 9, 2016                    s/Stephanie Dawkins Davis
                                          Stephanie Dawkins Davis
                                          United States Magistrate Judge

### **CERTIFICATE OF SERVICE**

I certify that on November 9, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel and/or parties of record.

                                          s/Tammy Hallwood
                                          Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov

19