UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT AMERICAN INSURANCE
COMPANY,

Case No. 12-13033

Plaintiff,

Arthur J. Tarnow
United States District Judge

v.

E.L. BAILEY & COMPANY, INC., *et al*,

Stephanie Dawkins Davis
United States Magistrate Judge

Defendants.

_____/

**REPORT AND RECOMMENDATION ON
MOTIONS FOR ENTRY OF DEFAULT (Dkt. 139, 145), MOTION
FOR ENTRY OF JUDGMENT FOR FALSE GARNISHMENT
DISCLOSURE (Dkt. 146), AND MOTION FOR PROCEEDINGS
<u>SUPPLEMENTARY TO JUDGMENT (Dkt. 161)</u>**

**I.    PROCEDURAL HISTORY**

On August 24, 2015, plaintiff obtained a judgment against defendants in the

amount of $645,287.55, which was reduced by a $358,000 payment by the State of

Michigan, leaving a judgment amount due of approximately $287,000.  (Dkt. 36).

Defendants have not paid the judgment amount due.  Plaintiff filed and served

defendant-garnishee Blanket Energy Systems, Inc. (BES) with a periodic

garnishment on September 15, 2015. (Dkt. 145-1).  On or about October 9, 2015,

Reginald Bailey, on behalf of BES, responded to the garnishment with a disclosure

stating that defendant Edward Bailey was not employed by BES, but that BES

owed Edward Bailey $17,900 for consultant fees.   (Dkt. 145-2).  Plaintiff served

BES with post-judgment interrogatories and requests for production of documents;
BES's responses to that discovery indicate that it had withheld approximately
$3,500 of monies owed to Edward Bailey pursuant to the garnishment, and that
Edward Bailey was not and had never been an employee of BES.  (Dkt. 145-4).
Nevertheless, BES disbursed payments equaling only $1,272.41 and failed to cure
the deficiency despite plaintiff's notice of default issued in December 2015.  (Dkt.
145-3).  Plaintiff issued a second notice of default to BES for its failure to withhold
the full amount owed to Edward and for misrepresenting the employment status of
Edward.  (Dkt. 145-5).   BES did not cure the noticed defaults, and plaintiff filed
three motions for entry of default against BES.  The first motion for entry of
default in the amount of $3,500 (Dkt. 139) is subsumed within, and thus mooted by
the second motion for entry of default in the amount of $17,900[1] (Dkt. 145).   In its
response to these motions, BES concedes its liability to plaintiff for $17,900 less
the $1,272.41 paid, or $16,627.59 and does not oppose an entry of judgment in that
amount.  (Dkt. 177).  Despite BES's concession that it owes the full amount sought
by plaintiff in its motion, plaintiff replied to the response requesting an award of

---

[1] BES claimed to have withheld $3,500 of the $17,900 owed to Edward as a consulting
fee during the December 2015-January 2016 timeframe.  The remaining periodic disbursement
dates have all passed, thus the full amount is now due and owing to Edward and therefore
payable to plaintiff pursuant to the garnishment.

costs and attorney fees as well as an order mandating full disclosure of amounts paid to Edward Bailey since September 29, 2015.  (Dkt. 185).

Plaintiff's third motion for entry of judgment asserts that BES is liable to plaintiff for the full amount of the judgment because it falsely represented Edward Bailey's employment status in its garnishment disclosure.  (Dkt. 146).  Defendants and Garnishee BES refute this assertion in their response in opposition to that motion.  (Dkt. 175).  Plaintiff filed a reply brief in further support of its motion (Dkt. 187) and the issue remains unresolved.  (Dkt. 189).

Plaintiff also filed a third motion for an order to show cause for defendants' failure to comply with this Court's December 14, 2016 Order, arguing that defendants have still not supplied documents originally subpoenaed in 2015, and have not provided an affidavit that such documents do not exist.  (Dkt. 148). Defendants filed a response in opposition (Dkt. 178) and plaintiff filed a reply in further support.  (Dkt. 186).  Finally, plaintiff filed a motion for proceedings supplementary to judgment for determination of fraudulent transfers.  (Dkt. 161). Defendants and nonparties Mildred Bailey, EMB Investment Group, LLC and BES filed a response in opposition and plaintiff replied.  (Dkt. 161, 176).   A hearing on all of these motions was held Friday, July 14, 2017.

3

## II.    FACTUAL BACKGROUND AND PARTIES' POSITIONS

Plaintiff acknowledges that its Motion for Entry of Default (Dkt. 139) has been subsumed within and mooted by its Motion for Entry of Default (Dkt. 145). The parties resolved that default judgment may be entered against BES in the amount of $16,627.59, but remain at odds over plaintiff's demands for costs and attorney fees relative to the motion.  (Dkt. 145, 189).

As to the motion for entry of default for the full amount of the judgment (Dkt. 146), plaintiff argues that BES's interrogatory response asserting that Edward Bailey was never an employee was knowingly false, thereby giving rise to liability on the part of BES and its principal, Reginald Bailey, for the full amount of the judgment against defendants. *See* Mich. Comp. Laws § 600.4051.  Plaintiff relies on the fact that Bailey received W-2 statements reflecting earned wages from BES for 2013, 2014 and 2015 as proof that Edward was indeed a BES employee. BES counters that W-2 statements are not determinative of employment status. Rather, according to BES, courts have developed an economic reality test to determine employment status.   BES argues that under the four-prong test, which takes into account the totality of the circumstances around the work performed, Edward was not an employee.  (Dkt. 175).  Alternatively, BES argues that these factors at least made Edward's employment status ambiguous such that any mischaracterization was due to mistake and not made "knowingly and willingly."

4

Defendant argues that an inadvertent mistake made in good faith does not give rise to liability under Mich. Comp. Laws § 600.4051.  Plaintiff maintains that receiving a W-2 reflects that Edward represented himself as a BES employee to the state and federal taxing authorities and is thus dispositive of both Edward's employment status and BES's knowledge of the same.  (Dkt. 187).

Finally, plaintiff asserts for the first time that certain transactions between defendants and Edward Bailey's children and wife, and their respective entities constitute fraudulent transfers.  Specifically, plaintiff asserts that transfer of defendant E.L. Bailey's assets to BES for an unpaid promissory note is a fraudulent transfer.  Additionally, plaintiff contends that E.L. Bailey's termination of its d/b/a Blanket Insulation and BES's assumption of that d/b/a on the same date effectively transferred defendant E.L.  Bailey's good will to BES for no consideration and thus should be construed as a fraudulent conveyance.  Plaintiff also argues that the transfer of two real estate parcels from Edward to EMB Investment Group, LLC (an entity owned by Edward Bailey and his wife, Mildred Bailey) and the subsequent transfer of Edward's interest in EMB to Mildred also amount to fraudulent conveyance.  (Dkt. 161).

Defendants and related nonparties argue that plaintiff's challenges to these transactions are not in the correct procedural posture because the nonparties have not been ordered into the case as parties, and thus they have not had an opportunity

5

to demand a jury, which they are entitled to do by statute.  Mich. Comp. Laws § 600.6128(3).  Defendants also argue that each contested transaction was a legitimate transfer of defendants' property or was not a transfer of defendants' property at all.  (Dkt. 176).  Defendants argue that the transfer of assets and the d/b/a from E.L. Bailey to BES was part of Edward's plan for retirement and his sons' succession of him within the business.  Defendants further argue that the transferred real estate equitably belonged to Mildred Bailey from the start and the legal conveyance of the properties to EMB and of EMB to Mildred were made to reflect her full equitable interest in those properties.  According to defendants, at the time all of these transfers were made, they were unaware of GAIC's claims against defendants.  (Dkt. 176).

Plaintiff disputes defendants' asserted lack of knowledge of its claims against them and also the contentions that Mildred was always the full equitable owner of the real estate at issue.  Plaintiff also questions why a new entity (BES) was necessary for Edward's sons to succeed his role in the business, and assert that BES utilized E.L. Bailey's line of credit to continue the operation Blanket Insulation.  Plaintiff tacitly acknowledges that its challenge of these transactions is rife with factual disputes by noting that additional discovery is required.  (Dkt. 188).

## III.   ANALYSIS AND RECOMMENDATIONS

A.   <u>Third Motion for Entry of Default Against BES (Dkt. 139, 145)</u>

As stated above, the parties agree that plaintiff is entitled to the entry of default judgment in the amount of $16,627.59.  Therefore, the undersigned **RECOMMENDS** entry of default judgment in the amount of $16, 627.59.

The parties dispute, however, whether plaintiff is entitled to attorney fees in bringing these motions.  Plaintiff requested an "award of costs and attorney fees, pursuant to Michigan Court Rule 3.101(S)(3) and such other and further relief as this Court deems just under the circumstances." (Dkt. 185).  BES contests whether plaintiff should be awarded reasonable costs and attorney fees in the amount of $4,500.00.  (Dkt. 189, Pg. ID 2168).  On July 14, 2017, this Court heard argument on Dkt. Nos. 139, 145, 146, 148, and 161.  On the issue of attorney fees in Dkts. 139 and 145, defense counsel argued that plaintiff's attorney is not entitled to $4,500.00 because it seemed unlikely that counsel spent about 20 hours working on this motion.  Under Michigan Court Rule 3.101(S)(3), "[t]he court may impose costs on a garnishee whose default or contempt results in expense to other parties. Costs imposed shall include reasonable attorney fees and shall not be less than $100."  The parties were ordered to confer on the issue of attorney fees and were unable to come to an agreement.  If the recommendation for entry of default judgment in the amount of $16,627.59 is adopted, the undersigned

**RECOMMENDS** that the Court issue an order requiring plaintiff to submit a Bill of Costs to the court within 14 days of entry of its order, and that BES be permitted 7 days thereafter to file any objections to the same, so that the Court can make a determination as to a reasonable attorney fee.

     B.    <u>Motion for Entry of Judgment Against BES and Reginald for False Garnishment Disclosure (Dkt. 146)</u>

Although plaintiff's argument that Edward Bailey's W-2s are definitive evidence of his status as an employee is superficially compelling, plaintiff cites no authority for the proposition that W-2 forms alone are dispositive proof of employment status.  On the other hand, defendant's position that courts are to determine employment status by applying the four-prong economic realities test is well-supported by Sixth Circuit and Michigan case law.  *Lofgren v. AirTrona Canada*, 2017 WL 384876, at *5 (6th Cir. Jan. 27, 2017), citing *Coblentz v. City of Novi*, 475 Mich. 558 (2006) (The Michigan Supreme Court has found this broad "economic realities" test instructive not only in the workers' compensation field, where it is most often applied, but also in any area where an employee-employer relation might exist); *Buckley v. Professional Plaza Clinic Corp*., 281 Mich. App. 224, 234-35 (2008).  This test takes into account the totality of the circumstances around the work performed, with an emphasis on the following factors: "(1) [the] control of a worker's duties, (2) the payment of wages, (3) the right to hire and fire and the right to discipline, and (4) the performance of the duties as an integral part

8

of the employer's business towards the accomplishment of a common goal." *Id.*

Under this test, no one factor is dispositive; indeed, the list of factors is

nonexclusive and a court may consider other factors as each individual case

requires. *Id.* Notwithstanding the authority they have set forth, defendants offer

no evidence other than their own assertion that the above-referenced test weighs in

favor of its contention that Edward Bailey is not and was not an employee. (Dkt.

175).

The Court cannot properly assess Edward's employment status and whether

BES's representation as to that status was due to mistake or was knowing and

willful without the presentation of some evidence in support. It is the opinion of

the undersigned that this factual issue is better resolved by way of an evidentiary

hearing. Therefore, this Court **RECOMMENDS** that an evidentiary hearing be

scheduled to determine the same.

    C.    <u>Motion for Proceedings Supplementary to Judgment for
Determination of Fraudulent Transfers (Dkt. 161)</u>

To resolve plaintiff's motion for supplementary proceedings (Dkt. 161), this

Court is guided by Federal Rule of Civil Procedure 69, which provides, in pertinent

part,

> (a) In General.
> (1) *Money Judgment; Applicable Procedure.* A money
> judgment is enforced by a writ of execution, unless the
> court directs otherwise. The procedure on execution--and
> in proceedings supplementary to and in aid of judgment

> or execution--must accord with the procedure of the state
> where the court is located, but a federal statute governs to
> the extent it applies.

Rule 69 thus directs the Court to Michigan's Proceeding for Supplementary Judgment ACT (PSJA), which appears at Mich. Comp. Laws § 600.6101 *et seq. Tattoo Art, Inc. v. TAT Intern., LLC*, 2012 WL 6917791, at *4 (W.D. Mich. Dec. 12, 2012), report and recommendation adopted, 2013 WL 235782 (W.D. Mich. Jan. 22, 2013). The PSJA provides statutory remedies for the enforcement of judgments, including

> '[c]ompulsory examination of the debtor and other persons to discover assets belonging to the debtor' (Mich. Comp. Laws §§ 600.6104(1) and 600.6110);
>
> '[i]njunctive relief against the debtor and third parties brought into the proceeding, with authority to enter judgment against a third party who transfers a debtor's property in violation of the restraining order' (Mich. Comp. Laws §§ 600.6104(2), 600.6116 and 600.6119);
>
> '[a]ppointment of a receiver for the debtor's property, including any property acquired thereafter' (Mich. Comp. Laws § 600.6104(4));
>
> '[d]etermination of ownership of assets, where the debtor's title or interest is disputed' (Mich. Comp. Laws §§ 600.6128 and 600.6131);
>
> '[a] court order for satisfaction of the judgment out of any of debtor's non-exempt assets, including unliquidated claims' (Mich. Comp. Laws §§ 600.6104(3) and 600.6140);
>
> '[p]ayment of the judgment in installments, out of future income of the debtor' (Mich. Comp. Laws § 600.6107); and

> '[a]ny other relief that appears appropriate to the court
> for the satisfaction of the judgment' (Mich. Comp. Laws
> § 600.6104(5)).

*Id.* at *4.

Relevant in this matter is the PSJA provision stating that the court is to make non-parties parties to proceedings supplementary to judgment, and that the non-parties, once added as parties, may demand a jury.  Mich. Comp. Laws § 600.6128(2) and (3).  The non-parties in this case have not been made parties; defense counsel has indicated that the nonparties will invoke the right to demand a jury if and when they are made parties to the proceeding.  (Dkt. 176, Pg ID 1984).

Michigan Court Rule 3.101 governs post-judgment garnishment proceedings.  Under Mich. Court Rule 3.101(M)(1), "If there is a dispute regarding the garnishee's liability or if another person claims an interest in the garnishee's property or obligation, the issue shall be tried in the same manner as other civil actions."  The PSJA provides the procedure for trying title to debt or property in § 600.6131, which states in relevant part:

> (1) Burden of proof. The complainant shall make a
> prima facie case by introducing in evidence the judgment
> against the principal defendant and proof of the
> conveyance complained of. The burden of proof is then
> on the judgment debtor, the person claiming through him,
> or the person whom it is claimed holds the property in
> trust for him, to show that the transaction is in all
> respects bona fide or that the person is not holding as
> trustee of the judgment debtor.

11

Mich. Comp. Laws § 600.6131(1).  This procedure should include the non-parties.

The undersigned could properly designate Mildred, Reginald and Kevin Bailey, as well as EMB Investment Group, LLC and BES as parties, but does not have the authority to preside over a jury trial on these issues unless the parties consent.  28 U.S.C. § 636; *Columbia Record Productions v. Hot Wax Records, Inc.*, 966 F.2d 515, 516–17 (9th Cir. 1992) (holding that absent consent, a federal magistrate judge lacked authority to render a post-judgment decision that has a dispositive effect on the parties).  Therefore, the undersigned **RECOMMENDS** that the Court order the addition of the nonparties and order further proceedings that the Court deems necessary.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** entry of default judgment in the amount of $16, 627.59, and that the Court issue an order requiring plaintiff to submit a Bill of Costs to the court within 14 days of entry of its order, and that BES be permitted 7 days thereafter to file any objections to the same, so that the Court can make a determination as to a reasonable attorney fee in relation to plaintiff's filing of its motion for entry of default.

The undersigned further **RECOMMENDS** that an evidentiary hearing be ordered on the issue of Edward Bailey's employment status with BES, and that this Court order the addition of Mildred Bailey, Reginald Bailey and Kevin Bailey, as

well as EMB Investment Group, LLC and BES as parties, and order further

proceedings on the fraudulent transfers issue that the Court deems necessary.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and

Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health

and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of

Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date:  October 31, 2017                    s/Stephanie Dawkins Davis
                                           Stephanie Dawkins Davis
                                           United States Magistrate Judge


## **CERTIFICATE OF SERVICE**

I certify that on October 31, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                           s/Tammy Hallwood
                                           Case Manager
                                           (810) 341-7887
                                           tammy_hallwood@mied.uscourts.gov