UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THE GREAT AMERICAN INSURANCE COMPANY, | Case No. 12-13033 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| E.L. BAILEY & COMPANY, INC., ET AL., | U.S. MAGISTRATE JUDGE STEPHANIE DAWKINS DAVIS |
| Defendants. | |
| BLANKET ENERGY SYSTEMS, LLC, ET AL., | |
| Garnishees. | |
| THE GREAT AMERICAN INSURANCE COMPANY, | Case No. 17-11638 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE ARTHUR J. TARNOW |
| v. | U.S. MAGISTRATE JUDGE |
| E.L. BAILEY & COMPANY, INC., ET AL., | STEPHANIE DAWKINS DAVIS |
| Defendants. / | |

**ORDER ADOPTING REPORT AND RECOMMENDATION [199]; OVERRULING DEFENDANTS' OBJECTION [201]; DENYING AS MOOT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT [139]; GRANTING IN PART PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT [145]; HOLDING IN ABEYANCE PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT [146]; AND RESOLVING PLAINTIFF'S MOTION FOR PROCEEDINGS SUPPLEMENTARY TO JUDGMENT FOR DETERMINATION OF FRAUDULENT TRANSFERS [161][1]**

---

[1] This Order has been docketed in both the 2012 and 2017 case dockets. Moving forward, however, all filings should be docketed on the 2017 case, no. 17-cv-11638.

Plaintiff Great American Insurance Company ("GAIC") filed two Motions for Entry of Default Against Garnishee Blanket Energy Systems, LLC ("Blanket") [Dkt. 139, 145] on December 7, 2016 and January 12, 2017. On January 13, 2017, Plaintiff filed a Motion for Entry of Judgment against Garnishee Blanket and its President, Reginald Bailey, for False Garnishment Disclosure [146]. On April 13, 2017, Plaintiff filed a Motion for Proceedings Supplementary to Judgment for Determination of Fraudulent Transfers [161]. The Court referred these motions to the Magistrate Judge [140, 147, 163], who issued a Report and Recommendation ("R&R") [199] on October 31, 2017. Defendants E.L. Bailey & Company, Inc. and Edward L. Bailey filed an Objection [201] to the R&R on November 14, 2017. Plaintiff responded to the Objection on November 28, 2017.

Counsel for all parties met with the Court during a status conference on March 12, 2018.

For the reasons discussed below, the Court **ADOPTS** the R&R [199]. Defendants' Objection [201] is **OVERRULED**. Plaintiff's Motion for Entry of Default [139] is **DENIED AS MOOT**. Plaintiff's Motion for Entry of Default [145] is **GRANTED IN PART**. Plaintiff's Motion for Entry of Default Judgment [146] is **HELD IN ABEYANCE,** pending the outcome of the evidentiary hearing before the Magistrate Judge.

On May 23, 2017, Plaintiff filed a complaint in Case No. 17-cv-11638 alleging the exact claims raised in this action. The 2017 case was reassigned to the Court as a

companion on June 15, 2017 [4]. These cases are exactly the same, save for the named defendants. After conferring with counsel, the Court concludes that Plaintiff's Motion for Proceedings Supplementary to Judgment for Determination of Fraudulent Transfers [161] can be resolved by consolidating the two cases.

### FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge set forth the factual and procedural background as follows:

### I. PROCEDURAL HISTORY

On August 24, 2015, plaintiff obtained a judgment against defendants in the amount of $645,287.55, which was reduced by a $358,000 payment by the State of Michigan, leaving a judgment amount due of approximately $287,000. (Dkt. 36). Defendants have not paid the judgment amount due. Plaintiff filed and served defendant-garnishee Blanket Energy Systems, Inc. (BES) with a periodic garnishment on September 15, 2015. (Dkt. 145-1). On or about October 9, 2015, Reginald Bailey, on behalf of BES, responded to the garnishment with a disclosure stating that defendant Edward Bailey was not employed by BES, but that BES owed Edward Bailey $17,900 for consultant fees. (Dkt. 145-2). Plaintiff served BES with post-judgment interrogatories and requests for production of documents; BES's responses to that discovery indicate that it had withheld approximately $3,500 of monies owed to Edward Bailey pursuant to the garnishment, and that Edward Bailey was not and had never been an employee of BES. (Dkt. 145-4). Nevertheless, BES disbursed payments equaling only $1,272.41 and failed to cure the deficiency despite plaintiff's notice of default issued in December 2015. (Dkt. 145-3). Plaintiff issued a second notice of default to BES for its failure to withhold the full amount owed to Edward and for misrepresenting the employment status of Edward. (Dkt. 145-5). BES did not cure the noticed defaults, and plaintiff filed three motions for entry of default against BES. The first motion for entry of default in the amount of $3,500 (Dkt. 139) is subsumed within, and thus mooted by the second motion for entry of default in the amount of $17,900[2]

---

[2] BES claimed to have withheld $3,500 of the $17,900 owed to Edward as a consulting fee during the December 2015-January 2016 timeframe. The remaining periodic

(Dkt. 145). In its response to these motions, BES concedes its liability to plaintiff for $17,900 less the $1,272.41 paid, or $16,627.59 and does not oppose an entry of judgment in that amount. (Dkt. 177). Despite BES's concession that it owes the full amount sought by plaintiff in its motion, plaintiff replied to the response requesting an award of costs and attorney fees as well as an order mandating full disclosure of amounts paid to Edward Bailey since September 29, 2015. (Dkt. 185).

Plaintiff's third motion for entry of judgment asserts that BES is liable to plaintiff for the full amount of the judgment because it falsely represented Edward Bailey's employment status in its garnishment disclosure. (Dkt. 146). Defendants and Garnishee BES refute this assertion in their response in opposition to that motion. (Dkt. 175). Plaintiff filed a reply brief in further support of its motion (Dkt. 187) and the issue remains unresolved. (Dkt. 189).

Plaintiff also filed a third motion for an order to show cause for defendants' failure to comply with this Court's December 14, 2016 Order, arguing that defendants have still not supplied documents originally subpoenaed in 2015, and have not provided an affidavit that such documents do not exist. (Dkt. 148). Defendants filed a response in opposition (Dkt. 178) and plaintiff filed a reply in further support. (Dkt. 186). Finally, plaintiff filed a motion for proceedings supplementary to judgment for determination of fraudulent transfers. (Dkt. 161). Defendants and nonparties Mildred Bailey, EMB Investment Group, LLC and BES filed a response in opposition and plaintiff replied. (Dkt. 161, 176). A hearing on all of these motions was held Friday, July 14, 2017.

## II.     FACTUAL BACKGROUND AND PARTIES' POSITIONS

Plaintiff acknowledges that its Motion for Entry of Default (Dkt. 139) has been subsumed within and mooted by its Motion for Entry of Default (Dkt. 145). The parties resolved that default judgment may be entered against BES in the amount of $16,627.59, but remain at odds over plaintiff's demands for costs and attorney fees relative to the motion. (Dkt. 145, 189).

As to the motion for entry of default for the full amount of the judgment (Dkt. 146), plaintiff argues that BES's interrogatory response asserting that Edward Bailey was never an employee was knowingly false, thereby giving rise to liability on the part of BES and its principal, Reginald Bailey, for the full

---

disbursement dates have all passed, thus the full amount is now due and owing to Edward and therefore payable to plaintiff pursuant to the garnishment.

amount of the judgment against defendants. See Mich. Comp. Laws § 600.4051. Plaintiff relies on the fact that Bailey received W-2 statements reflecting earned wages from BES for 2013, 2014 and 2015 as proof that Edward was indeed a BES employee. BES counters that W-2 statements are not determinative of employment status. Rather, according to BES, courts have developed an economic reality test to determine employment status. BES argues that under the four-prong test, which takes into account the totality of the circumstances around the work performed, Edward was not an employee. (Dkt. 175). Alternatively, BES argues that these factors at least made Edward's employment status ambiguous such that any mischaracterization was due to mistake and not made "knowingly and willingly." Defendant argues that an inadvertent mistake made in good faith does not give rise to liability under Mich. Comp. Laws § 600.4051. Plaintiff maintains that receiving a W-2 reflects that Edward represented himself as a BES employee to the state and federal taxing authorities and is thus dispositive of both Edward's employment status and BES's knowledge of the same. (Dkt. 187).

Finally, plaintiff asserts for the first time that certain transactions between defendants and Edward Bailey's children and wife, and their respective entities constitute fraudulent transfers. Specifically, plaintiff asserts that transfer of defendant E.L. Bailey's assets to BES for an unpaid promissory note is a fraudulent transfer. Additionally, plaintiff contends that E.L. Bailey's termination of its d/b/a Blanket Insulation and BES's assumption of that d/b/a on the same date effectively transferred defendant E.L. Bailey's good will to BES for no consideration and thus should be construed as a fraudulent conveyance. Plaintiff also argues that the transfer of two real estate parcels from Edward to EMB Investment Group, LLC (an entity owned by Edward Bailey and his wife, Mildred Bailey) and the subsequent transfer of Edward's interest in EMB to Mildred also amount to fraudulent conveyance. (Dkt. 161).

Defendants and related nonparties argue that plaintiff's challenges to these transactions are not in the correct procedural posture because the nonparties have not been ordered into the case as parties, and thus they have not had an opportunity to demand a jury, which they are entitled to do by statute. Mich. Comp. Laws § 600.6128(3). Defendants also argue that each contested transaction was a legitimate transfer of defendants' property or was not a transfer of defendants' property at all. (Dkt. 176). Defendants argue that the transfer of assets and the d/b/a from E.L. Bailey to BES was part of Edward's plan for retirement and his sons' succession of him within the business. Defendants further argue that the transferred real estate equitably belonged to Mildred Bailey from the start and the legal conveyance of the properties to

EMB and of EMB to Mildred were made to reflect her full equitable interest in those properties. According to defendants, at the time all of these transfers were made, they were unaware of GAIC's claims against defendants. (Dkt. 176).

Plaintiff disputes defendants' asserted lack of knowledge of its claims against them and also the contentions that Mildred was always the full equitable owner of the real estate at issue. Plaintiff also questions why a new entity (BES) was necessary for Edward's sons to succeed his role in the business, and assert that BES utilized E.L. Bailey's line of credit to continue the operation Blanket Insulation. Plaintiff tacitly acknowledges that its challenge of these transactions is rife with factual disputes by noting that additional discovery is required. (Dkt. 188).

### LEGAL STANDARD

The Court must make a *de novo* determination of the portions of the R&R to which Defendants have objected. 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### ANALYSIS

Defendants' Objection [201] pertains only to the portion of the R&R that resolves Plaintiff's Motion for Proceedings Supplementary to Judgment for Determination of Fraudulent Transfers [161]. The Magistrate Judge recommended that the Court order the addition of nonparties Mildred Bailey, Reginald Bailey, Kevin Bailey, EMB Investment Group, LLC, and Blanket. Defendants believe that this is unnecessary because Plaintiff has filed a separate action alleging the exact claims contained in the Motion for Proceedings Supplementary to Judgment. *See* 17-cv-11638.

During the March 12, 2018 status conference, the parties agreed to consolidate this case with Plaintiff's other action, #17-cv-11638. Consolidation of the two cases resolves Defendants' Objection, promotes convenience and judicial economy, and helps avoid unnecessary costs and delay. *See* Fed. R. Civ. P. 42(a).

## CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that the Report and Recommendation [199] is **ADOPTED** and entered as the findings and conclusions of the Court. Defendants' Objection to the Report and Recommendation [201] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default against Garnishee Blanket Energy Systems, LLC [139] is **DENIED AS MOOT**, as result of the resolution of the second Motion for Entry of Default, LLC [145], which is **GRANTED IN PART**. The parties agree that Plaintiff is entitled to the entry of default judgment in the amount of $16,627.59.

**IT IS FURTHER ORDERED** that judgment should be entered in favor of Plaintiff and against Defendants for a total of $16,627.59.

**IT IS FURTHER ORDERED** that Plaintiff shall submit a Bill of Costs to the Court within 14 days of entry of this Order. Defendants may file objections to the Bill of Costs within 7 days of its filing.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Judgment against Blanket Energy Systems and Reginald Bailey [146] is **HELD IN**

**ABEYANCE**. As articulated by the Magistrate Judge, Edward Bailey's employment status, and whether Blanket's representation as to that status was due to mistake or was knowing and willful, cannot be determined without reviewing any evidence. The Magistrate Judge will conduct an evidentiary hearing to evaluate Plaintiff's claims.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Proceedings Supplementary to Judgment for Determination of Fraudulent Transfers [161] can be resolved by consolidating Civil Case No. 12-CV-13033 Civil Case No. 17-CV-11638.

Dated: March 14, 2018

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge